IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VICKI PORTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:12-CV-991-MHT (WO) |
| | ) | |
| TOMMY BICE, *et al.*., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The *pro se* plaintiff, Vicki Portis, brings this action alleging that the Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., 42 U.S.C. § 1983, § 1985, & §1986, the Americans with Disabilities Act, 42 U.S.C. § 12101, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Specifically, Portis alleges that the Alabama State Department of Education's denial of her application for renewal of her teaching certificate constitutes race- and gender-based discrimination, and that the Department refused to renew her teaching certificate in retaliation for her filing a discrimination charge against the Montgomery County Board of Education and for her advocating for the rights of students with disabilities. Now pending before the court is the motion for summary judgment (Doc. 12) filed by Defendants Tommy Bice, Larry Craven, and the Alabama Department of Education. The court has jurisdiction over the complaint pursuant to its federal question jurisdiction, 28 U.S.C. § 1331, and the jurisdictional grant in 28 U.S.C. § 2000e-5. After careful review, the court concludes that the summary judgment

motion (Doc. 12) should be granted.

Also pending before the court is Portis's motion for default judgment against Defendant Jimmy Barker. (Doc. 17). Having considered the motion for default judgment, the court concludes that the motion is due to be denied, and that Portis's claims against Barker should be dismissed pursuant to 28 U.S.C. § 1915(e).

## Standard of Review

### A. Summary Judgment

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute[1]] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted); Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant

[1]Effective December 1, 2010, the language of Rule 56(a) was amended. The word "dispute" replaced the word "issue" to "better reflect [ ] the focus of a summary-judgment determination." Fed. R. Civ. P. 56(a), Advisory Committee Notes, 2010 Amendments.

may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–324.

Once the movant meets his evidentiary burden and demonstrates the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Celotex*, 477 U.S. at 324; *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see also* Fed. R. Civ. P. 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive the movant's properly supported motion for summary judgment, a party is required to produce "sufficient [favorable] evidence" "that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49

(1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id.* at 249–250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1576–1577 (11th Cir. 1990) (quoting *Anderson*, *supra*). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001). Hence, when a nonmoving party fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to its case and on which the nonmovant will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of Dep't of Children & Family Servs.,* 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will

not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co, Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323–324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor). However, if there is a conflict in the evidence, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *Ruiz de Molina v. Merritt & Furman Ins. Agency*, 207 F.3d 1351, 1356 (11th Cir. 2000).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a

*pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard v. Banks*, 548 U .S. 521, 529 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.

**B. § 1915**

When a litigant is allowed to proceed *in forma pauperis* in this court, the court will screen the litigant's complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B), which is not restricted to prisoner complaints. *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) ("find[ing] no error in the district court's dismissal of the complaint" of a nonprisoner proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B)(ii)).[2] Section 1915(e)(2) requires a district court to dismiss the complaint of a party proceeding *in forma pauperis* whenever the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A claim is subject to dismissal as frivolous if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

The standards that govern a dismissal under Federal Rule of Civil Procedure 12(b)(6) apply to dismissal for failure to state a claim upon which relief can be granted under 28

[2] *Troville* was filed by a civilly committed detainee, and the Eleventh Circuit held that the plaintiff was not a "prisoner" within the meaning of 28 U.S.C. § 1915. *Troville*, 303 F.3d at1258, 1260; *see also Brown v. Johnson*, 387 F.3d 1344, 1348 (2004) ("[T] he defendants correctly explain that *Troville* did not involve a prisoner.").

U.S.C. §1915(e)(2)(B)(ii). *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). A complaint may be dismissed under Rule 12(b)(6) if the facts as pled do not state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S.Ct. at 1950 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (applying *Twombly* to a *pro se* complaint). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).

**Facts[3] and Procedural History**

**A. The State Court Action**

On December 16, 2011, Portis filed a complaint in the Circuit Court of Montgomery County, Alabama ("the state court action") against Tommy Bice, State Superintendent of

[3] At this stage of the proceedings, this court takes the facts alleged by the non-movant as true and construes them in the light most favorable to the non-moving party. *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000) (citations omitted) ("In assessing whether there is any 'genuine issue' for trial, the court 'must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party" and 'resolve all reasonable doubts about the facts in favor of the nonmovant.' Moreover, the court must avoid weighing conflicting evidence or making credibility determinations. Instead, '[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'").

Education, in his official capacity. (Doc. 12 pp. 7-12).[4] In her state court complaint, Portis alleged that she held an expired Alabama teaching certificate, which she attempted unsuccessfully to renew in 2004 and again in 2011. *Id*. Portis alleged that she had complied with all requirements for renewal, and she sought an injunction requiring the Department of Education to issue a renewed certificate. *Id*.

On November 26, 2012, the Montgomery Circuit Court entered the following order:

> This matter came before the Court on [Portis's] Petition to Compel an action by the State of Alabama Department of Education pertaining to an application for Alabama Certification. The petition sought the renewal of [Portis's] teaching certificate. A bench trial was held August 28, 2012 and November 13, 2012, in which documentary and ore tenus evidence was presented in support of each party's position. Sworn testimony was heard from [Portis] and the State Department of Education's . . . Program Coordinator and Certification Specialist.
>
> This Court finds that [Portis] submitted an application for renewal of her teaching certificate to the Department on November 18, 2004 but that [Portis] failed to meet all the requirements for certification in the State of Alabama. Subsequently, her certificate lapsed and [she] applied for reinstatement of her certificate but [she] failed to meet all the requirements for reinstatement. This Court further finds that the Department provided sufficient notice to [Portis] of the requirements to be certified, these requirements were fair and unbiased, and were not arbitrary or capricious.
>
> [Portis] had an opportunity to call her own witnesses and to cross-examine the Respondent's witnesses. No testimony supported [Portis]'s petition. To the contrary, all testimony presented supported the Respondent's defense that [Portis] failed to meet the renewal or reinstatement requirements for her

---

[4]The court has reviewed, and takes judicial notice of, the public record in *Portis v. Bice*, 03-CV-2011-1505.00, which was filed December 16, 2011 in the Circuit Court of Montgomery County, Alabama. *See Universal Express, Inc. v. U.S. SEC*, 177 Fed. App'x 52, 53 (11th Cir. 2006) (stating that a court may take judicial notice of public records (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277–78, 1280 (11th Cir. 1999)).

> teaching certificate and that the Respondent followed the objective policies and procedures set out for every applicant and was not done for any pretextual or discriminatory purpose.
>
> This Court finds that [Portis] failed to comply with the requirements to renew or reinstate her teaching certificate. The Respondent cannot renew or reinstate a teaching certificate until those requirements have been completed nor may the Department renew or reinstate a teaching certificate where the requirements of the law have not been met. There was no legal duty or ministerial act that the Respondent was compelled to perform; therefore no exception to state immunity exists.
>
> After considering the arguments and evidence presented to the Court, the Court finds and ORDERS final judgment is in favor of the Defendant.

(Doc. 12 pp. 12-13); *Portis v. Bice*, 03-CV-2011-1505.00, November 26, 2012, "Final Order."

On December 21, 2012, Portis filed a motion to alter, amend, or vacate the Montgomery Circuit Court's judgment pursuant to Rule 59, Ala. R. Civ. P. (Doc. 19-2); *Portis v. Bice*, 03-CV-2011-1505.00 (court record). On December 27, 2012, the Montgomery Circuit Court entered an order denying Portis's Rule 59 motion. *Portis v. Bice*, 03-CV-2011-1505.00 (court record). Portis did not file a timely notice of appeal, and the time for filing a notice of appeal has lapsed.[5] Ala. R. App. P. 4(a); *Portis v. Bice*, 03-CV-

[5] The Montgomery Circuit Court record contains a document filed *pro se* by Portis on February 26, 2013, captioned "Alabama Rules of Civil Procedure 60(b) Motion." *Portis v. Bice*, 03-CV-2011-1505.00, February 26, 2013 (filing by Vicki Portis). Portis's motion does not purport to operate as a notice of appeal, and it was not filed within the time required for filing a notice of appeal. *See* Ala. R. App. P. 4(a)(1). Moreover, in her purported Rule 60(b) motion, Portis cites *City of Daphne v. Caffey*, 410 So. 2d 8, 10 (Ala. 1981), as authority for her request that the Alabama trial court's judgment be vacated. In *Caffey,* the Alabama Supreme Court held that "Rule 60 is not a substitute for an appeal" and that "utilizing Rule 60(b) as an appeal from the final judgment . . . is not permitted under our rules." 410 So. 2d at 10.

"A motion under [Ala. R. Civ. P. 60(b)] does not affect the finality of a judgment or suspend its operation," Ala. R. Civ. P. 60(b), and a Rule 60(b) motion does suspend the time for filing an appeal from

2011-1505.00 (Montgomery Circuit Court record).

**B. Portis's EEOC Charge**

On March 12, 2012, Portis filed an EEOC complaint against the Alabama State Department of Education alleging that, beginning in October 2011, and

> [a]s of March 12, 2012, the above named employer [i.e., the State Department of Education] has not issued or renewed my teacher certification. I have met all of the State requirements to get my teacher certification renewed as required by law. I filed a previous charge of discrimination against Montgomery Public Schools, which is serviced by the aforementioned employer. I believe that I am being discriminated against because of my race and sex (Larry Craven is a white male) which is in violation of Title VII of the Civil Rights Act of 1964, as amended. I further believe that the act of retaliation is based on the fact that I filed a charge against the Montgomery Public Schools and the above mentioned employer has acquiesced with the Montgomery Public Schools (former employer)[.] Larry Craven in his official capacity; Larry Craven in his individual capacity and Larry Craven in his acting capacity has discriminated against me and violated U.S.C. 1983-1985, 1986 and Alabama law and Federal law. He has discriminated and retaliated against me because I have participated in State level investigations, State level special education due process hearings and advocated for the rights of students with disabilities. Larry Craven is aware that I am a member of a protected class under Section 504 and the American Disability Act.

(Doc. 1-1 p. 2) (sic).

On September 13, 2012, the EEOC dismissed Portis's charge on grounds that "no employer/employee relationship" existed between Portis and the Alabama Department of

---

the judgment, *see* Ala. R. App. P. 4(a)(3). Moreover, the court notes that, despite being captioned as a "Rule 60(b)" motion, Portis's filing is not based on any of the grounds enumerated in Ala. R. Civ. P. 60(b), but is instead an attack on the legal sufficiency of the judgment. As such, if construed as a motion to alter, amend, or vacate the judgment under Rule 59(b), Ala. R. Civ. P., the motion is untimely and does not extend the time for filing an appeal. *City of Talladega v. McRae*, 375 So.2 d 429, 430 (Ala. 1979) ("Both filing and service of the motion within the 30-day time limit specified in Rule 59(b) must be accomplished in order to suspend the time one is allowed to perfect an appeal."). Thus, the court concludes that the document filed by Portis on February 26, 2013 in Montgomery Circuit Court does not affect the finality of that court's judgment.

Education. (Doc. 1-1 p. 2).

**C. Portis's Complaint in this Court**

On November 7, 2012, Portis filed a complaint in this court naming the State of Alabama Department of Education as a defendant, along with the current and former state superintendents of education, Tommy Bice and Larry Craven,[6] in their individual and official capacities. (Doc. 1). Portis also named the former superintendent of Montgomery County, Alabama, Public Schools, Jimmy Barker, as a defendant in his individual and official capacity. (Doc. 1). The factual allegations in Portis's complaint are the same as those in the EEOC charge. (Doc. 1, Doc. 1-1). Portis seeks both monetary and injunctive relief. (Doc. 1 p. 3).

On December 4, 2012, Tommy Bice, Larry Craven, and the Alabama Department of Education filed a motion for summary judgment (Doc. 12). They contend that the complaint should be dismissed on grounds of the Department of Education was not Portis's employer and, therefore, cannot be liable under Title VII. They also contend that Portis's complaint is barred by res judicata and collateral estoppel. Portis has responded to the motion for summary judgment, arguing summarily that the state court action has "nothing to do" with the action in this court. (Doc. 19; see also Doc. 18).

On December 7, 2012, Portis filed a motion for default judgment against Defendant

[6]The court takes judicial notice of the fact that Larry Craven is General Counsel for the Alabama Department of Education and temporarily served in 2011 as interim State Superintendent. However, Portis sued Craven individually and in his official capacity as "white male superintendent" of the Department of Education (Doc. 1 p. 2); thus, Portis is not suing Craven in his current capacity as General Counsel.

Jimmy Barker. (Doc. 17). To date, Barker has not appeared in this case.

**Discussion**

**A. The Preclusive Effect of the State Court Judgment**

"Once a party has fought out a matter in litigation with the other party, he cannot later renew that duel." *Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 598 (1948). Thus, parties are generally precluded from relitigating claims and issues that have already been decided by a court of competent jurisdiction. *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir. 2011). "In considering whether to give preclusive effect to state-court judgments under . . . collateral estoppel [issue preclusion], the federal court must apply the rendering state's law of preclusion." *Id.* Because Bice, Craven, and the Alabama Department of Education argue the preclusive effect of the Montgomery Circuit Court's decision, the court must apply Alabama preclusion law in this case. *See id.*

Under Alabama law, the doctrine of collateral estoppel applies when the following elements are established: "(1) that an issue in a prior action was identical to the issue litigated in the present action; (2) that the issue was actually litigated in the prior action; (3) that resolution of the issue was necessary to the prior judgment; and (4) that the same parties [or their privies] are involved in the two actions." *Walker v. City of Huntsville*, 62 So.3d 474, 487 (Ala. 2010) (citations and internal quotation marks omitted); *see also Malfatti v. Bank of Am.*, 99 So.3d 1221, 1225 (Ala. 2012) ("For a prior judgment as to an issue to have a preclusive effect on a party's later relitigation of that issue, it must be shown that the person

against whom the preclusive effect is sought, or a person in privity with that person, was a party to the prior litigation in which the issue was decided and that the issue for which preclusion is sought was actually litigated in the prior action." (Citations and internal quotation marks omitted.)).

In her December 16, 2011, state court complaint, Portis sought an order requiring Tommy Bice, in his official capacity as State Superintendent of the Department of Education, to renew her teaching certificate. (Doc. 12 pp. 7-11). Portis alleged that she had "complied with all the requirements" set by the Department of Education for certification, and that the Department was wrongfully withholding approval of her teaching certificate without any legal basis for doing so. (Doc. 12 p. 10 ¶¶ 12-14, 16). In entering judgment in favor of Bice following a bench trial, the Montgomery Circuit Court found that Portis was not entitled to an order compelling reinstatement of her teaching certificate because Portis failed to meet the requirements for certification. (Doc. 12 p. 12). The Circuit Court also concluded that the requirements Portis had failed to meet were "fair and unbiased, and were not arbitrary or capricious" and that Bice and the Department "followed the objective policies and procedures set out for every applicant" and did not withhold a teaching certificate for "any pretextual or discriminatory purpose." (Doc. 12 p. 13). The Circuit Court found that Bice and the Department "*cannot* renew or reinstate [Portis's] teaching certificate" unless and until Portis met the requirements for obtaining the certificate. (Doc. 12 p. 13 (emphasis added)). These findings necessarily comprised the basis for the Circuit Court's judgment for

the Bice and the Department of Education that "[t]here was no ministerial act that [Bice or the Department] was required to perform; therefore, no exception to state immunity exists." (Doc. 12 p. 13).

Accordingly, the court finds that the following two issues were actually litigated in the Montgomery Circuit Court and, as a necessary part of that court's judgment, were resolved in favor of Bice (in his official capacity) and the Alabama Department of Education: (1) Portis was not qualified to obtain a teaching certificate and (2) the Department of Education refused to renew her certificate for the legitimate, nondiscriminatory reason that she was unqualified. *See Walker*, 62 So.3d at 487 (holding that collateral estoppel applies to issues that were actually litigated in the prior action, where resolution of those issues was necessary to the prior judgment); *see also Burgoon v. Ala. State Dep't of Human Res.*, 835 So. 2d 131, 133 (Ala. 2002) ("A suit against a State agency, or against State agents in their official capacities, is a suit against the State" (Emphasis omitted.)).

These same two issues are also dispositive issues in this case, because Portis cannot prevail on any of her civil rights claims if she lacked the required qualifications for a teaching certificate or if the certificate was withheld for the legitimate, nondiscriminatory reason that she was unqualified. *See Crawford v. Carroll*, 529 F.3d 961 (11th Cir. 2008) (holding that, to prevail on a Title VII or § 1983 claim, the plaintiff must show that "she was qualified to do the job" and that her employer did not have a legitimate, nondiscriminatory basis for its actions); *Collado v. United Parcel Service Co.*, 419 F.3d 1143, 1158 (11th Cir.

2005) (holding that the plaintiff in an ADA retaliation case must prove that her employer "took an adverse employment action against [her] because of [her] protected conduct" (Citation and internal quotation marks omitted.)); *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 740 (11th Cir. 1996) (upholding summary judgment against the plaintiff in a retaliation case under the Rehabilitation Act because the plaintiff failed to present substantial evidence that her employer's adverse action "was based on her [protected] statements"); *Lucero v. Operation Rescue of Birmingham*, 954 F.2d 624, 627-28 (11th Cir. 1992) (holding that a cause of action for conspiracy under 42 U.S.C. § 1985 to deprive the plaintiff of civil rights requires a showing of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" and that the plaintiff has been deprived of a "right or privilege"); *see also* 42 U.S.C. § 1986 (establishing liability for neglect to prevent violations of 42 U.S.C. § 1985).

Finally, for purposes of collateral estoppel, Portis's claims against the Department of Education and its superintendents (Bice and Craven) in their official capacities are in fact claims against the same entity: the State of Alabama. *See Burgoon v. Ala. State Dep't of Human Res.*, 835 So. 2d 131, 133 (Ala. 2002) (holding that "[a] suit against a State agency, or against State agents in their *official* capacities, is a suit against the State"). Moreover, because Bice was actually a party to the previous action, albeit in his official capacity, and because Craven is his predecessor, Portis's claims against Bice and Craven in their individual

capacities[7] also meet the collateral estoppel requirement that the same parties or their privies are involved in the two actions. *See Stewart v. Brinley*, 902 So. 2d 1, 11 (Ala. 2004) (holding that parties are in privity with one another for purposes of collateral estoppel when they share "an identity of interest in the subject matter of litigation"); *Whisman v. Ala. Power Co.*, 512 So. 2d 78, 82 (Ala. 1987) ("The party identity criterion . . . does not require complete identity, but only that the party against whom [collateral estoppel] is asserted was either a party or in privity with a party to the prior action, or that the non-party's interests were adequately represented by a party in the prior suit, and the relationship between the party and non-party is not so attenuated as to violate due process." (Internal citations omitted.)).

Accordingly, no genuine factual dispute exists. Bice and Craven, in their individual and official capacities, and the Department of Education are entitled to judgment as a matter of law on Portis's claims against them because those claims are barred by collateral estoppel. *See Frederick v. Sprint/United Mgmt. Corp.*, 246 F.3d 1305, 1311 (11th Cir. 2001) ("Summary judgment is . . . proper if there are no genuine disputed issues of material fact, and the moving party is entitled to judgment as a matter of law."). *Cf.* *Cottone v. Jenne*, 326

---

[7] Even if Craven, in his individual capacity, does not technically meet Alabama's privity requirement for collateral estoppel, Portis's claims against Craven in his individual capacity would be subject to dismissal as frivolous under § 1915. Portis seeks to hold Craven liable for his role in withholding her teaching certificate, but in his official capacity he is already subject to a final judgment from the State of Alabama holding that the Department of Education "*cannot* renew or reinstate [Portis's] teaching certificate until [the license] requirements have been completed *nor may* the Department renew or reinstate a teaching certificate where the requirements of the law have not been met." (Doc. 12 pp. 12-13); *Portis v. Bice*, 03-CV-2011-1505.00, November 26, 2012, "Final Order" (emphasis added). A lawsuit seeking to hold Craven personally liable for failing to perform an act that he legally could not perform is frivolous. *See Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (holding that a claim is frivolous if it is "without arguable merit either in law or fact.").

F.3d 1352, 1357 (11th Cir. 2003) ("A complaint is subject to dismissal [for failure to state a claim] when its allegations, on their face, show that an affirmative defense bars recovery on the claim.").

**B. Portis's Claims Against Jimmy Barker**

The court is mindful that *pro se* pleadings must be construed liberally under a less stringent standard than is generally applied to pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Liberally construed, Portis alleges that, in refusing to renew her teaching certificate, Larry Craven and the Alabama Department of Education "acquiesced with" the Montgomery County, Alabama, Public School System ("MPS"), of which Jimmy Barker served as superintendent, in a conspiracy to violate her civil rights in retaliation for her filing charges of discrimination against MPS. (Doc. 1 p. 11). Portis names Jimmy Barker as a defendant in his individual and official capacities. (Doc. 1).

Portis's claims against Jimmy Barker are frivolous. To prove a conspiracy to violate her civil rights, Portis must prove that Barker *and at least one of the other Defendants* were both motivated by discriminatory animus in preventing the renewal of her teaching license, and that Bice, Craven, or the Department of Education acted in furtherance of the discriminatory conspiracy in deciding not to renew her license, thereby depriving her of a teaching certificate that was otherwise hers by right or privilege. *Lucero v. Operation Rescue of Birmingham*, 954 F.2d 624, 627-28 (11th Cir. 1992) (holding that a cause of action for

conspiracy to deprive a person of her civil rights requires proof of "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." (Citations and internal quotation marks omitted)). *Cf. Trawinski v. United Techs.*, 313 F.3d 1295, 1299 (11th Cir. 2002) (holding that a § 1985 plaintiff must prove that he was deprived of something to which he had a constitutional right); *Mason v. Village of El Portal*, 240 F.3d 1337, 1340 (11th Cir. 2001) ("[T]he record failed to show that at least two of the [defendants] were motivated by racial animus. Without such evidence, there can be no showing of conspiracy-the key and necessary element of Plaintiff's § 1985(2) claim.").

Here, there is simply is no conceivably plausible case to be made that any of Jimmy Barker's codefendants "conspired" with him to deprive Portis of a teaching certificate for the purpose of violating her civil rights, or that any such conspiracy actually caused Portis to lose her teaching certificate, because Portis and Barker's codefendants are already subject to a final judgment holding that the teaching certificate was withheld for the lawful, nondiscriminatory reason that Portis was unqualified and had no right to it. (Doc. 12 pp. 12-13); *Portis v. Bice*, 03-CV-2011-1505.00, November 26, 2012, "Final Order" (emphasis added). Similarly, there is no other conceivably plausible non-conspiratorial legal theory or factual scenario under which Portis could show that Barker somehow caused the Department

of Education to deny her a teaching certificate for any reason other than her lack of qualification.

Accordingly, the court concludes that Portis's claims against Jimmy Barker are due to be dismissed because those claims are frivolous, and because the complaint fails to state a claim against him upon which relief can be granted. Therefore, the Portis's claims against Jimmy Barker are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ( "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss")*; Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (holding that a claim is frivolous if it is "without arguable merit either in law or fact.").

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that the motion for summary judgment (Doc. 12) be **GRANTED** and that Portis's claims against the State of Alabama Department of Education, and against Tommy Bice and Larry Craven in their official and individual capacities, be **DISMISSED** with prejudice.

Further, it is the **RECOMMENDATION** of the Magistrate Judge that Portis's motion for default judgment against Jimmy Barker (Doc. 17) be **DENIED**.

Further, it is the **RECOMMENDATION** of the Magistrate Judge that Portis's claims against Jimmy Barker be dismissed with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

It is further

**ORDERED** that the parties are **DIRECTED** to file any objections to the

Recommendation on or before March 19, 2013. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which a party objects. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir.1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 5th day of March, 2013.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE